JOSEPH H. HUNT
Assistant Attorney General
R. MICHAEL UNDERHILL
Attorney in Charge
West Coast Office
Torts Branch, Civil Division
U.S. Department of Justice
450 Golden Gate Avenue, Room 7-5395
P.O. Box 36028
San Francisco, CA  94102
Telephone: (415) 436-6645
Facsimile: (415) 436-6632
E-mail: mike.underhill@usdoj.gov

ELLEN M. MAHAN
Deputy Section Chief
STEVEN O'ROURKE
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611 Washington, D.C. 20044
Telephone:  202-514-2779
E-mail: steve.o'rourke@usdoj.gov

Attorneys for Plaintiff United States of America

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>          vs.<br><br>SAMUEL PETER ROWLES, SAMUEL PETER ROWLES dba 2017 SPIRIT OF SACRAMENTO LLC, and AARON SHAWN HORTON,<br><br>                     Defendants. | Civ. No.: 3:19-cv-6601<br><br>IN ADMIRALTY<br><br>VERIFIED COMPLAINT OF THE UNITED STATES OF AMERICA |

Plaintiff, the United States of America, alleges upon information and belief as follows:

## NATURE OF THE ACTION

1.     This is a case of admiralty and maritime jurisdiction against Defendants SAMUEL PETER ROWLES ("Rowles"), SAMUEL PETER ROWLES dba 2017 SPIRIT OF SACRAMENTO LLC ("SPIRIT OF SACRAMENTO LLC"), and AARON SHAWN HORTON ("Horton") (collectively, "Defendants"), *in personam,* as hereinafter more fully appears, and within Rule 9(h) of the Federal Rules of Civil Procedure.

2.     The United States expressly reserves the right to amend this Complaint to, *inter alia*, add additional parties and assert additional claims against such additional parties and the present Defendants herein.

## JURISDICTION AND VENUE

3.     The United States is authorized to bring this suit and the Court has jurisdiction pursuant to, *inter alia*, 28 U.S.C. § 1345, 33 U.S.C. §§ 1321 and 2717, and 42 U.S.C. § 9613.

4.     Venue is properly in this Court pursuant to, *inter alia*, 28 U.S.C. §§ 1391, 33 U.S.C. § 2717, and 42 U.S.C. § 9613.

5.     The United States brings this action on behalf of the Oil Spill Liability Trust Fund (hereafter "Fund"), pursuant to the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701 *et seq.*, to recover any and all removal costs and damages incurred directly by the Fund, any removal costs and damages incurred by the Fund through compensation paid to

any claimant, and all costs incurred by the Fund by reason of any such claims, including interest, prejudgment interest, adjudicative costs, and attorney's fees.  Pursuant to OPA, 33 U.S.C. § 2712(f), the United States has acquired by subrogation, or may in the future acquire by subrogation, the rights of any claimant or State paid compensation from the Fund, and the United States specifically reserves the right to amend this Verified Complaint to assert any or all such subrogated rights and claims.

6.      This civil action is also brought by the United States on behalf of the United States Environmental Protection Agency ("EPA"), pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), as amended, 42 U.S.C. § 9607. The United States seeks to recover response costs that EPA incurred in conducting removal actions because of releases and threatened releases of hazardous substances into the environment. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g) and 28 U.S.C. § 2201, the United States also seeks a declaratory judgment on liability for response costs that will be binding on any subsequent action to recover further response costs.

## GENERAL FACTS AND ALLEGATIONS

### *Vessel Ownership, Operation, and Sinking*

7.      The M/V SPIRIT OF SACRAMENTO (hereafter the "Vessel") was a steel-hulled 84.6-foot, 99 gross-ton paddle wheeler built in 1967.

8.     Under an order issued by a judge of this District, in litigation related to the prior owner of the Vessel, the U.S. Marshal sold the Vessel at admiralty sale on July 15, 2016.

9.     On July 15, 2016, Defendant Rowles purchased the Vessel at the admiralty sale for $1,000.

10.     At the time of the sale of the Vessel to Rowles, the Vessel was located on navigable waters of the United States in or near the Oyster Point Marina, in South San Francisco, California, within this District and within the jurisdiction of this Court.

11.     Defendants Rowles and Horton together operated and navigated the Vessel in and around the False River, in Contra Costa County California, near the Franks Tract State Recreation Area, within this District and within the jurisdiction of this Court.

12.     On the evening of September 3, 2016 or early morning on September 4, 2016, the Vessel began taking on water from the stern, causing the engine room to flood. By 10:30 a.m. on September 4, 2016, the Vessel had capsized, and was upside down in the water.

13.     At all times material herein, Defendants Rowles and Horton were individual, non-corporate entities, and based upon information and belief lived in Mountain View, California, Santa Clara County, within this District and within the jurisdiction of this Court, and are subject to personal jurisdiction in this District and this Court, including but not limited to, through the ownership and/or operation of the Vessel at the time of, and with respect to, the matters sued upon herein.

14.     At all times material herein, Defendant SPIRIT OF SACRAMENTO LLC, based upon information and belief, is a purported entity that conducted business in the State of California, had a place of business and/or was doing business within this District and within the jurisdiction of this Court, and is subject to personal jurisdiction in this District and this Court, including but not limited to, through the ownership and/or operation and/or demise chartering of the Vessel at the time of, and with respect to, the matters sued upon herein.

15.     At all times material herein, Defendant Rowles owned the Vessel.

16.     At all times material herein, Defendant Rowles, based upon information and belief, operated the Vessel.

17.     At all times material herein, Defendant Rowles, based upon information and belief, demise chartered the Vessel.

18.     At all times material herein, Defendant SPIRIT OF SACRAMENTO LLC, based upon information and belief, owned the Vessel.

19.     At all times material herein, Defendant SPIRIT OF SACRAMENTO LLC, based upon information and belief, operated the Vessel.

19.     At all times material herein, Defendant SPIRIT OF SACRAMENTO LLC, based upon information and belief, demise chartered the Vessel.

20.      At all times material herein, Defendant Horton, based upon information and belief, operated the Vessel.

21.     At all times material herein, Defendant Horton, based upon information and belief, demise chartered the Vessel.

22.     At all times material herein, Defendant Rowles was a "Responsible Party" within the meaning of OPA, 33 U.S.C. §§ 2701(32) and 2702(a), with respect to oil and the matters alleged in this Complaint. At all times material herein, Rowles was within the scope of entities specified in CERCLA, 42 U.S.C. § 9607(a), with respect to hazardous substances and the matters alleged in this Complaint.

23.     At all times material herein, Defendant Horton was a "Responsible Party" within the meaning of OPA, 33 U.S.C. §§ 2701(32) and 2702(a), with respect to oil and the matters alleged in this Complaint. At all times material herein, Horton was within the scope of entities specified in CERCLA, 42 U.S.C. § 9607(a), with respect to hazardous substances and the matters alleged in this Complaint.

24.     At all times material herein, Defendant SPIRIT OF SACRAMENTO LLC was a "Responsible Party" within the meaning of OPA, 33 U.S.C. §§ 2701(32) and 2702(a), with respect to oil and the matters alleged in this Complaint. At all times material herein, SPIRIT OF SACRAMENTO LLC was within the scope of entities specified in CERCLA, 42 U.S.C. § 9607(a), with respect to hazardous substances and the matters alleged in this Complaint.

25.     At all times material herein, Defendants Rowles, Horton, and SPIRIT OF SACRAMENTO LLC, as well as other persons or entities whose identities are not yet known, were at all material times, and pursuant to information or belief, acting as agents

and/or alter egos of each other with respect to the matters alleged in this Complaint and are therefore responsible and liable, jointly and severally, for all of each of the others' obligations, acts, omissions, and strict liability with respect to the matters alleged in this Complaint and action.

26. At all the foregoing times referred to in the preceding paragraphs, the Vessel contained oil, as such term is defined in OPA, 33 U.S.C. § 2701 *et seq.*

27. At all the foregoing times referred to in the preceding paragraphs, the Vessel contained hazardous substances, as such term is defined in the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, and implementing regulations.

28. The September 3-4, 2016 sinking of the Vessel was the result of, *inter alia*, gross negligence and the breach of applicable federal safety and operating regulations, and other actions to be determined pursuant to discovery that will be undertaken in this action.

29. Following the sinking of the Vessel, Defendants abandoned the vessel and, *inter alia*, made no efforts to raise the Vessel, or prevent the discharge and/or substantial threat of discharge of oil and hazardous substances into navigable waters of the United States and its adjoining shorelines, said conduct, among other conduct, constituting gross negligence.

30. Following the sinking of the Vessel, Defendants did not participate in clean-up efforts, and did not respond to the Notice of Federal Interest or an Administrative Order that the Coast Guard issued to them, and did not otherwise cooperate with the response.

*Coast Guard and EPA Removal Actions*

31.     At the time of the Vessel sinking, September 4, 2016, the U.S. Coast Guard ensured that Mr. Rowles and Mr. Horton were safely to shore. The Coast Guard detected a visible sheen of oil on the surface of the water.

32.     In response to the oil discharge, the Coast Guard began removal actions under the direction of a "Unified Command" comprising the Federal On-Scene Coordinator ("FOSC"), together with a State On-Scene Coordinator from the California State Department of Fish and Wildlife, and the Contra Costa County Sheriff's Department, with input from the Environmental Protection Agency and the U.S. Army Corps of Engineers. EPA was authorized to serve as FOSC for the assessment and removal of hazardous substances under CERCLA, and the USCG, by and through the USCG FOSC, undertook duties regarding oil spill response under OPA, including efforts requiring use of the Oil Spill Liability Trust Fund.

33.     The United States through its respective FOSCs, determined that the Vessel had discharged oil and posed a substantial threat of discharge of oil and hazardous substances into navigable waters of the United States and its adjoining shorelines.

34.     In order to mitigate the foregoing substantial threat of discharge of oil and hazardous substances, and in order to safely do so in a manner that would pose the least potential risk to life, property, and the environment, the decision was made to raise and tow the Vessel to an Army Corps of Engineers' pier in Sausalito, California to facilitate the removal of as much oil and hazardous substances as possible.  By September 30, 2016, the

Unified Command had, through a contractor, righted the vessel and towed it to the Army Corps of Engineers facility in Sausalito. Between October 1 and 4, 2016, the Unified Command removed the fuel from the vessel and recovered 130 gallons of oily wastewater.

35.     On October 17, 2016, the Vessel sank again, this time at the Corps of Engineers pier. By December 13, 2016, the Unified Command had secured the vessel higher on the ramp. At this point, EPA assumed responsibility for the removal of hazardous substances.

36.     After EPA and the Coast Guard had abated the threat of releases of oil or hazardous substances, the Contra Costa County Sheriff assumed responsibility and destroyed the vessel. The removal of oil from the Vessel was then deemed complete.

37.     The Coast Guard issued its final pollution report for this incident on January 27, 2017, and stated that the action had been closed on January 25, 2017.

38.     The foregoing substantial threats of discharge of oil and hazardous substances, including other acts and omissions to be established according to proof at trial, are hereafter referred to as the "Spirit of Sacramento Removal and Response Action."

39.     The Spirit of Sacramento Removal and Response Action was proximately caused, *inter alia*, by the acts, omissions, strict liability, gross negligence, and violations of federal operating and/or safety regulations by the Vessel, its owner(s), operator(s), demise charterer(s), crew, agents, servants, employees, and others for whom Defendants were responsible, all within the privity and knowledge of Defendants.

40.     As a direct and proximate result of the Spirit of Sacramento Removal and Response Action and the actions by and on behalf of plaintiff United States to mitigate and prevent the substantial threat of discharge of oil into navigable waters of the United States and its adjoining shorelines, approximately $1,514,800.27 was expended by and from the Oil Spill Liability Trust Fund.

41.     In addition to the costs incurred removing oil, EPA also incurred costs responding to asbestos and other hazardous substances. EPA spent approximately $92,696 to dispose of hazardous substances from the Vessel.

42.     The United States has made demand upon Defendants for reimbursement for all the outstanding response costs and damages owed by Defendants as a result of the Spirit of Sacramento Removal and Response Action, and said monies remain unpaid.

43.     As a result of the Spirit of Sacramento Removal and Response Action as it pertains to oil, and as a result of the failure of Defendants to pay the full amount due and owing pertaining to removal of oil from the Spirit of Sacramento, $1,514,800.27 or such amounts as may be proved at trial, remain due and owing to the United States, plus interest, administrative and adjudicative costs, disbursements, and statutory attorneys' fees recoverable under OPA, 33 U.S.C. § 2715.

44.     As a result of the Spirit of Sacramento Removal and Response Action as it pertains to hazardous substances aboard the Vessel, and as a result of the failure of Defendants to pay the full amount due and owing pertaining to removal of hazardous

substances from the Vessel, approximately $92,696, or such amounts as may be proved at trial, remain due and owing to the United States, plus interest.

45.     This Complaint herein does not presently assert claims for natural resource damages.  The United States expressly reserves the right to amend this Complaint to add such claims for natural resource damages.

46.     The United States expressly reserves the right to amend this Complaint to, *inter alia*, add additional parties and assert additional claims against such additional parties and the present Defendants herein.

## AS AND FOR A FIRST CAUSE OF ACTION
## (OIL POLLUTION ACT OF 1990)

47.     Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

48.     Pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2701 *et seq*., each responsible party for a vessel or facility from which oil is discharged, or which poses the substantial threat of discharge, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone of the United States, is strictly liable for all costs, damages, and/or disbursements specified in the Act.

49.     Under the circumstances herein, Defendants are liable to the United States of America, without limitation, for all the aforesaid costs, damages, and/or disbursements sustained by the United States as a result of the Spirit of Sacramento Removal and Response Action.

## AS AND FOR A SECOND CAUSE OF ACTION
## (OIL POLLUTION ACT OF 1990)

50.     Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

51.     Pursuant to the Oil Pollution Act of 1990, the Fund shall be subrogated to all rights, claims, and causes of action of claimants to whom it has paid compensation.

52.     As a result of the Spirit of Sacramento Removal and Response Action, the Fund may incur costs, damages, and/or disbursements by reason of claims for removal costs and damages brought against it under the Oil Pollution Act of 1990.

53.     Pursuant to the Oil Pollution Act of 1990, Defendants are liable to the United States of America for all such costs, damages, and/or disbursements which may be sustained by the Fund.

54.     The aforesaid unpaid costs, damages, and/or disbursements of the Fund, as provided in the Oil Pollution Act of 1990, are presently in excess of $1,514,800.27.

## AS AND FOR A THIRD CAUSE OF ACTION
## (OIL POLLUTION ACT OF 1990)

55.     Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

56.     Pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2717(f)(2), the United States is entitled to, and hereby seeks, a declaratory judgment that is binding in any subsequent action or actions that Defendants are liable for removal costs and damages in any such subsequent action or actions.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (CERCLA, 42 U.S.C. § 9601, *et seq.*)

57.     Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

58.     Pursuant to CERCLA, 42 U.S.C. § 9601, *et seq.*, including, but not limited to 42 U.S.C. § 9607, owners, operators, and other entities pertaining to vessels and facilities from which hazardous substances are released, or which pose the substantial threat of release, into the environment and/or navigable waters of the United States, as defined at 42 U.S.C. § 9601(25) and authorized by Section 104 of CERCLA, 42 U.S.C. § 9604, are strictly liable for all costs specified in the Act.

59.     Defendants are liable to the United States by virtue of Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all response costs, remedial costs, and other costs incurred and to be incurred by the United States in connection with the Spirit of Sacramento Removal and Response Action pertaining to hazardous substances. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g) and 28 U.S.C. § 2201, the United States also seeks a declaratory judgment on liability for response costs that will be binding on any subsequent action to recover further response costs.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (28 U.S.C. § 3001, *et seq.*)

60.     Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

61.    Despite the liability, including strict liability, of Defendants to the United States, all as alleged in this Complaint, on information and belief, Defendants, in breach of law, including but not limited to, in violation of the provisions of the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, have, *inter alia*, instead of discharging debts owed to the United States, transferred, sold, spun off, and assigned assets so as to prejudice and cause irreparable harm to the United States.

62.    All such actions have caused damages, as will cause damages, to the United States in an amount to be established according to proof at trial.

## AS AND FOR A SIXTH CAUSE OF ACTION
## (31 U.S.C. § 3713)

63.    Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

64.    Despite the liability, including strict liability, of Defendants to the United States, all as alleged in this Complaint, on information and belief, Defendants, in breach of law, have, *inter alia*, instead of discharging debts owed to the United States, transferred, sold, spun off, and assigned assets so as to prejudice and cause irreparable harm to the United States.

65.    All such actions have caused damages, as will cause damages, to the United States in an amount to be established according to proof at trial.

66.    To the extent that Defendants, and/or servants, employees, representatives, agents, fiduciaries, or other individuals and entities acting on his behalf or with their authorization, have discharged claims or debts to any other person or entity other than the

United States, or in the future discharge claims or debts to any person or entity other than the United States in contravention of, *inter alia*, 31 U.S.C. § 3713, Defendants, and/or their servants, employees, representatives, agents, fiduciaries, or other individuals and entities acting on their behalf or with their authorization, are liable to the United States for the amount of any such payments.

67.     With respect to any payments in contravention of 31 U.S.C. § 3713, and pursuant to 31 U.S.C § 3713(b), any and all officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities making such payments are personally liable to the United States for the amount of such payments.

68.     The United States shall amend this Complaint to add as defendants, in their individual capacity, any and all officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities who, in contravention of 31 U.S.C. § 3713(a) and (b), have already discharged, or in the future discharge, claims or debts to any person or entity other than the United States.

**WHEREFORE**, the United States of America prays as follows:

1.     That United States of America be granted judgment against each Defendant pursuant to the verified complaint of the United States herein;

2.     That the United States of America be granted declaratory judgment against each Defendant for pollution removal costs binding on any subsequent action or actions to recover further removal costs, plus interest, costs, disbursements, and attorneys' fees;

3. That the United States have constructive trusts as and against any and all assets of the Defendants, said constructive trusts being available to satisfy the amounts due and owing to the United States pursuant to the matters alleged in this Complaint;

4. The United States expressly reserves the right to amend this Complaint to add parties and/or causes of action, as may be necessary; and

5. For such other relief as the Court deems just and proper in the premises.

Dated: October 10, 2019.         JOSEPH H. HUNT
                                 Assistant Attorney General

                                 /s/ R. Michael Underhill
                                 R. MICHAEL UNDERHILL
                                 Attorney in Charge, West Coast Office
                                 West Coast Office
                                 Torts Branch, Civil Division
                                 U.S. Department of Justice

                                 /s/ Steven O'Rourke
                                 STEVEN O'ROURKE
                                 Senior Attorney
                                 Environmental Enforcement Section
                                 U.S. Department of Justice

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA


                                 Of Counsel:

                                 Shawn Wolsey
                                 National Pollution Funds Center
                                 United States Coast Guard

                                 Desean Garnett
                                 Assistant Regional Counsel
                                 U.S. Environmental Protection Agency, Region 9

## **VERIFICATION**

R. Michael Underhill says:

I am one of the attorneys for plaintiff, United States of America, herein, and make this verification by authority for and on its behalf; I have read the foregoing Complaint, know the contents thereof, and from information officially furnished to me believe the same to be true.

I verify under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: October 10, 2019.             s/ R. Michael Underhill
                                     R. MICHAEL UNDERHILL

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff

*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

R. Michael Underhill, Atty In Charge, U.S. Dept. of Justice
Aviation, Space & Admiralty Litigation, 450 Golden Gate Ave., Box 36028
San Francisco, CA  94102, (415) 436-6648

## DEFENDANTS

SAMUEL PETER ROWLES, SAMUEL PETER ROWLES dba 2017 SPIRIT OF SACRAMENTO LLC, and AARON SHAWN HORTON

County of Residence of First Listed Defendant

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☒ 1 | U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☒ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | |
|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
33 U.S.C. sec. 2701, et seq., 38 U.S.C. sec. 3001, et seq., 31 U.S.C. sec. 3713

Brief description of cause:
Recovery of costs incurred to remediate oil spill and potential discharge of oil into waters of the United States.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
$1514800

CHECK YES only if demanded in complaint:

**JURY DEMAND:**    ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
10/10/2019

SIGNATURE OF ATTORNEY OF RECORD
s/R. Michael Underhill

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br><br>_____<br>*Plaintiff(s)*<br>v.<br><br>SAMUEL PETER ROWLES, SAMUEL PETER ROWLES<br>dba 2017 SPIRIT OF SACRAMENTO LLC, and<br>AARON SHAWN HORTON<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 3:19-cv-6601 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* SAMUEL PETER ROWLES
740 Hope Street
Mountain View, CA  94041

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: R. Michael Underhill, Attorney in Charge
U.S. Department of Justice
Aviation, Space & Admiralty Litigation
450 Golden Gate Avenue, Box 36028
San Francisco, CA  94102

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:19-cv-6601

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

## Northern District of California

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| _Plaintiff(s)_ | ) ) | |
| v. | ) | Civil Action No. 3:19-cv-6601 |
| SAMUEL PETER ROWLES, SAMUEL PETER ROWLES dba 2017 SPIRIT OF SACRAMENTO LLC, and AARON SHAWN HORTON | ) ) ) ) | |
| _Defendant(s)_ | ) | |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* AARON SHAWN HORTON
350 N. Whisman Road
Mountain View, CA  94043

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: R. Michael Underhill, Attorney in Charge
U.S. Department of Justice
Aviation, Space & Admiralty Litigation
450 Golden Gate Avenue, Box 36028
San Francisco, CA  94102

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:19-cv-6601

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                              *Server's signature*

                                       _____
                                              *Printed name and title*


                                       _____
                                              *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

## Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>_____<br>*Plaintiff(s)*<br><br>v.<br><br>SAMUEL PETER ROWLES, SAMUEL PETER ROWLES<br>dba 2017 SPIRIT OF SACRAMENTO LLC, and<br>AARON SHAWN HORTON<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.  3:19-cv-6601

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  SAMUEL PETER ROWLES
dba 2017 SPIRIT OF SACRAMENTO LLC
740 Hope Street
Mountain View, CA  94041

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  R. Michael Underhill, Attorney in Charge
U.S. Department of Justice
Aviation, Space & Admiralty Litigation
450 Golden Gate Avenue, Box 36028
San Francisco, CA  94102

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:19-cv-6601

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc: